IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PERRY JACKSON, § <br> TDCJ NO. 1918186, § <br> § <br> Petitioner, § <br> § <br> v. § <br> § <br> WILLIAM STEPHENS, Director, § <br> Texas Department of Criminal § <br> Justice, Correctional § <br> Institutions Division, § <br> § <br> Respondent. § | CIVIL ACTION NO. H-14-2548 |

### MEMORANDUM OPINION AND ORDER

Petitioner Perry Jackson (TDCJ No. 1918186) is a state inmate incarcerated in the Texas Department of Criminal Justice pursuant to a state court judgment. Jackson has filed a federal Petition for a Writ of Habeas Corpus By a Person in State Custody under 28 U.S.C. § 2254 (Docket Entry No. 1) challenging a state court conviction while a state post-conviction application for a writ of habeas corpus, challenging the same conviction, is currently pending. For reasons explained more fully below, this case will be dismissed for failure to exhaust state court remedies.

### I. Procedural History

Jackson is serving a thee-year prison sentence pursuant to a state court conviction for failure to comply with sex offender reporting requirements. State v. Jackson, No. 1351485 (178th Dist.

Ct., Harris County, Tex., March 14, 2014). He states that he entered a guilty plea to the trial court and did not file a notice of appeal. (Docket Entry No. 1, p. 3) Jackson states that he filed a state application for a writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure on June 13, 2014, and it was denied by the Texas Court of Criminal Appeals on August 20, 2014. Id. at 4. He states that he filed a second state habeas application and that it is still pending. Id. at 4.

## II. Analysis

The court verified with the Harris County District Clerk's Office that no direct appeal was filed challenging Jackson's conviction. See Harris County District Clerk Website http://www.hcdistrictclerk.com. The Texas Court of Appeals records reflect that a state application for a writ of habeas corpus was filed with the district court and was denied by the Texas Court of Criminal Appeals on August 20, 2014. See Website for Texas Court of Criminal Appeals: http://www.cca.courts.state.tx.us/. Harris County District Clerk's records reflect that a second state habeas application was filed on August 11, 2014, and was forwarded to the Court of Criminal Appeals on October 1, 2014. See Website for Harris County Clerk's Office.

Under 28 U.S.C. § 2254(b) a habeas petitioner must exhaust available state remedies before seeking relief in the federal courts. See Nobles v. Johnson, 127 F.3d 409, 419-420 (5th Cir.

1997). See also Wion v. Quarterman, 567 F.3d 146, 148 (5th Cir. 2009) ("Before pursuing federal habeas relief, a petitioner is required to exhaust all state procedures for relief.) (citing Orman v. Cain, 228 F.3d 616, 619-20 (5th Cir. 2000)). To exhaust his state remedies the petitioner must fairly present the substance of his claims to the state courts, and the claims must have been fairly presented to the highest court of the state. Nobles, at 420, citing Picard v. Connor, 92 S. Ct. 509, 512-13 (1971); Myers v. Collins, 919 F.2d 1074, 1076 (5th Cir. 1990). This exhaustion requirement is based on the precept of comity. Coleman v. Thompson, 111 S. Ct. 2546, 2555 (1991). Federal courts follow this principle to afford the state courts the first opportunity "to address and correct alleged violations of state prisoner's federal rights." Id. Therefore, a habeas petitioner must pursue all of his state court remedies before presenting his constitutional claims in a federal petition. See Rhines v. Weber, 128 S. Ct. 1528, 1533 (2005).

This court should not adjudicate a federal writ application while habeas claims are under review by the state courts. See Deters v. Collins, 985 F.2d 789, 797 (5th Cir. 1993) ("Because Deters' state appeal is still pending, we would have to ignore the doctrine of federal-state comity by disrupting that ongoing state process."); see also Williams v. Bailey, 463 F.2d 247, 248 (5th Cir. 1972) ("federal disruption of the state judicial appellate

process would be an unseemly and uncalled for interference that comity between our dual system forbids"). Jackson must wait until the state courts issue a decision. He cannot be allowed to circumvent the state system and seek relief in federal court without allowing the state courts an opportunity to rule on his claims. See Graham v. Collins, 94 F.3d 958, 969 (5th Cir. 1996); Deters, 985 F.2d at 792-794. See also Bryant v. Bailey, 464 F.2d 560, 561 (5th Cir. 1972). If a federal habeas petition is filed while state remedies are still being pursued, the federal court has the authority to dismiss the federal petition. Brewer v. Johnson, 139 F.3d 491, 493 (5th Cir. 1998). Moreover, if a habeas petition contains both exhausted and unexhausted claims, it is a "mixed" petition, which should be dismissed without prejudice. Alexander v. Johnson, 163 F.3d 906, 908 (5th Cir. 1998), citing Rose v. Lundy, 102 S. Ct. 1198 (1982).

Accordingly, this action will be dismissed without prejudice for failure of the petitioner to exhaust all available remedies on all his claims to the state's highest court of criminal jurisdiction as required by the provisions of 28 U.S.C. § 2254.

Should Jackson file a notice of appeal, the court denies the issuance of a Certificate of Appealability for the reasons stated in this Memorandum Opinion and Order. 28 U.S.C. § 2253; Whitehead v. Johnson, 157 F.3d 384, 386 (5th Cir. 1998); Murphy v. Johnson, 110 F.3d 10, 11 (5th Cir. 1997).

### III. Conclusion

1. The Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1) is **DISMISSED WITHOUT PREJUDICE** for petitioner's failure to exhaust state court remedies.

2. A Certificate of Appealability is **DENIED**.

3. The Application to Proceed In Forma Pauperis (Docket Entry No. 3) is **GRANTED**.

4. The Clerk will provide a copy of this Memorandum Opinion and Order to the petitioner and will provide a copy of the Petition and this Memorandum to the respondent and the attorney general by providing one copy to the Attorney General of the State of Texas.

**SIGNED** at Houston, Texas, on this 6th day of October, 2014.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE